```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```



LATRINDA PEOPLES,                }
                                 }
    Plaintiff,                   }
                                 }
                                                         CIVIL ACTION NO.
v.                               }  03-AR-1020-S
                                 }
BAGBY ELEVATOR COMPANY, INC.,    }
                                 }
    Defendant.                   }

## MEMORANDUM OPINION

    Before the court is the motion of defendant, Bagby Elevator Company, Inc. ("Bagby"), for summary judgment. Plaintiff, Latrinda Peoples ("Peoples"), a black female and former employee of Bagby, claims Bagby discriminated against her based on her race and gender. Peoples seeks monetary damages as well as declaratory and injunctive relief.

### Undisputed Facts

    Peoples filed an EEOC notice of complaint on October 31, 2001 alleging racial and gender discrimination by Bagby. Peoples then filed another notice of complaint on July 18, 2002 alleging illegal retaliation by Bagby for filing her prior EEOC complaint. Peoples received a right-to-sue letter from the EEOC and then timely filed the instant action on May 2, 2003. On October 14, 2003, Peoples filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, Northern District of Alabama. "Schedule B" of the



voluntary petition required Peoples to list "contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." Peoples responded that she had no such claims. The "Statement of Financial Affairs" in the voluntary petition told Peoples to list "all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately proceeding the filing of this bankruptcy case." (emphasis in original). Peoples responded that she was not involved in any such suits. Peoples swore, under the penalty of perjury, that the statements in "Schedule B" and in the "Statement of Financial Affairs" were true and correct. Her signature is dated October 13, 2003. After Bagby filed its motion for summary judgment, Peoples amended her voluntary petition to list the instant suit as an asset.

## Analysis

Bagby claims that Peoples is judicially estopped from bringing a claim for monetary damages that she did not disclose when she filed for bankruptcy. The court previously spoke to this issue in *Chandler v. Samford Univ.*, 35 F.Supp.2d 861 (N.D. Ala. 1999), and found that judicial estoppel acted as a bar to the debtor's assertion of claims not disclosed in an earlier bankruptcy proceeding. The court finds no differences between the facts in *Chandler* and those in the instant case that would

2

warrant a change in the outcome.

"Judicial estoppel is an equitable doctrine invoked at the court's discretion." *Burnes v. PEMCO Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002) (citing *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)). Judicial estoppel prevents a party from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 134.30 (3d ed. 2003). The Eleventh Circuit considers two factors in applying judicial estoppel. "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Salomon Smith Barney, Inc. v. Harvey, M.D.*, 260 F.3d 1302, 1308 (11th Cir. 2001). These two factors "are not inflexible or exhaustive; rather, courts must always give due consideration to all of the circumstances of a particular case when considering the applicability of the doctrine." *Burnes*, 291 F.3d at 1285.

There is no dispute as to the first factor. After having filed her complaint with this court on May 2, 2003, Peoples swore under penalty of perjury that she did not have such a claim.

Whether Peoples had the requisite intent for the second factor is a matter of dispute between the parties. Peoples claims that her omission was inadvertent and thus cannot be

3

considered "to have been calculated to make a mockery of the judicial system." *Harvey*, 260 F.3d at 1308. Peoples relies on the affidavit of her attorney, D. Lee Hodges ("Hodges"). Hodges testifies that he spoke with Peoples about the instant case before he filed the voluntary petition and that he intended to add her claim to the petition, but forgot to do so. Hodges states that the omission was simply a clerical mistake on his part, and that Peoples had no intention to conceal the claim from the bankruptcy court.

Judicial estoppel only applies to deliberate acts, "not simple error or inadvertence." *Burnes*, 291 F.3d at 1286. However, "deliberate or intentional manipulation can be inferred from the record." *Id*. at 1287. Such an inference can be made if it can be shown (1) that the plaintiff knew about the undisclosed claim and (2) that the plaintiff had a motive to conceal the undisclosed claim. *Id*. at 1287-88; *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1296 (11th Cir. 2003); *De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003); *Chandler*, 35 F.Supp.2d at 864. Considering the fact that Peoples filed her complaint in the instant case approximately five months prior to her bankruptcy petition, she clearly knew about the undisclosed claim at the time she filed for bankruptcy. She also clearly had a motive for concealing her claim. Omitting this suit from the schedule of assets would have prevented any

proceeds from the lawsuit from going to Peoples' creditors, thus enabling her to keep the proceeds for herself unless she amended her petition after being caught and before the discharge. *See Barger*, 348 F.3d at 1296. Peoples' knowledge of the law suit and her motive to conceal it constitute sufficient evidence from which the court can infer and find deliberate manipulation.

The fact that Hodges now claims that the omission was his fault is irrelevant. In *Barger*, the plaintiff's bankruptcy attorney failed to list the plaintiff's discrimination suit on the schedule of assets after the plaintiff specifically told her attorney about the lawsuit. *Barger*, 348 F.3d at 1295. The plaintiff argued that her disclosure of the suit to her attorney and his subsequent failure to include it on the schedule of assets militated against a finding of intentional manipulation of the court. *Id*. The *Barger* court disagreed, finding that "the attorney's omission [was] no panacea." *Id*. In so holding, the Eleventh Circuit quoted the following language from the Supreme Court's opinion in *Link v. Wabash R.R. Co.*:

> There is certainly no merit to the contention that dismissal of the petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.
> . . .
> [I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely

5

> because plaintiff should not be penalized for the
> omissions of his own attorney would be visiting the
> sins of plaintiff's lawyer upon the *defendant*.

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 & 634 fn.10 (1962) (emphasis in original). Consistent with *Barger,* this court finds that Hodges' statement that the omission of the claim from the bankruptcy petition was his fault does not prevent the application of judicial estoppel against his client.

Also irrelevant is the fact that after the Rule 56 motion was filed, Peoples amended her bankruptcy petition to disclose this suit. The Eleventh Circuit spoke to this precise issue in *Burnes*. The court explained:

> The success of our bankruptcy laws requires a debtor's
> full and honest disclosure. Allowing [the plaintiff]
> to back-up, re-open the bankruptcy case, and amend his
> bankruptcy filings, only after his omission has been
> challenged by an adversary, suggests that a debtor
> should consider disclosing potential assets only if he
> is caught concealing them. This so-called remedy would
> only diminish the necessary incentive to provide the
> bankruptcy court with a truthful disclosure of the
> debtor's assets.

*Burnes*, 291 F.3d at 1288. The *Burnes* court could have been describing Peoples' amendment to her bankruptcy petition filed only after Bagby's motion for summary judgment was filed. There is no way to ascertain what Peoples would have done *vis-a-vis* her creditors if Bagby had not found her hand in the cookie jar.

Bagby's Rule 56 motion is due to be granted only as it applies to Peoples' claims for monetary relief. Peoples' claims for injunctive and declaratory relief survive the motion for

6

summary judgment. Judicial estoppel does not prohibit the pursuit of claims that add no value to the bankruptcy estate. *Burnes,* 291 F.3d at 1288-89; *Barger,* 348 F.3d at 1297. Peoples could have had no motive to conceal her claims for declaratory and injunctive relief from the bankruptcy court.

### Conclusion

By separate order, Bagby's Rule 56 motion as it applies to Peoples' claims for monetary damages will be granted.

DONE this _20th_ day of January, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE